**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

Case No._9:13-cv-1352-SB-BHH_

| | | |
|---|---|---|
| JAYSON WILLIAMS, CHARLES E. HOUSTON, JR., and MICHEAL L. WALTERS, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | COMPLAINT |
| BERKELEY HALL, LLC, BERKELEY HALL CLUB, INC., ADRIAN MORRIS, and MICHAEL CERRATI, | ) ) ) ) | |
| Defendants. | ) ) | |

**NATURE AND SCOPE OF CAUSES OF ACTION**

This is a common law action for disseizen, unlawful ejectment, breach of

real estate covenants and for violations of the South Carolina Unfair Trade

Practices Act codified as §39-5-20, 39-5-50, 39-5-70 and 39-5-140 Code of Laws

of South Carolina. This is also a civil rights action for the redress of grievances

and for the denial and unlawful abrogation of constitutional rights provide under

the United States Constitution, specifically the Fourth Amendment, for unlawful

seizure of property; the Fifth Amendment, based on the deprivation of property

without due process of law, a denial of access to property, and the taking of

property without    just compensation; the Thirteenth Amendment, for "those

fundamental rights" which are the essence of civil freedom, namely ". . . .sell and

convey property, as is enjoyed by white citizens;" the Fourteenth Amendment,

secured rights of United States citizens to due process and equal protection of the laws that prohibits state and local governments from depriving persons of life, liberty, or property without certain steps being taken to ensure fairness. The Equal Protection Clause requires each state to provide equal protection under the law to all people within its jurisdiction. Title 18 USC §241 (conspiracy against civil rights; Title 18 USC §242, deprivation of Rights under color of law. Section 1981 of Title 42 (Equal Rights Under the Law) protects individuals from discrimination based on race in making and enforcing contracts, participating in lawsuits and giving evidence. (See 42 USC §1983); Conspiracies to Interfere With Civil Rights (See 42 USC §1985); Conspiracy Against Rights of Citizens (See 18 USC §241); Deprivation of Rights Under Color of Law, (See 18 USC §242); The Jurisdictional Statue for Civil Rights Cases (See 28 USC §1443); and Peonage Abolished (See 42 USC §1994); the Civil Rights Act of 1964 under Title 42, Chapter 21 of the United States Code. Discrimination based on "race, color, religion or national origin" in public establishments that have a connection to interstate commerce or are supported by the state is prohibited. See 42 USC §2000a. Plaintiffs further bring this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 USC §1983 and 42 USC §1988 for violations of their civil rights, as said rights are secured by said statutes and the Constitutions of the State of South Carolina and the United States and pursuant to Title VIII of the Civil Rights Act of 1968, (The Fair Housing Act) as amended by the Fair Housing Amendments Act of 1988 and 42 USC §3617.

## PARTIES

1.

That a all times relevant hereto, the Plaintiff, Jayson Williams, is the owner of the house and lot defined and described as 4 York Circle, which is situated in Berkeley Hall, Bluffton, Beaufort County, South Carolina.

2.

That a all times relevant hereto the Plaintiff, Charles E. Houston, Jr., is a licensed attorney in the State of South Carolina, retained by Jayson Williams, to among other things, manage and sell Mr. Williams residence at 4 York Circle. Additionally, Charles E. Houston, Jr., was granted a Power of Attorney instrument by Jayson Williams dated February 18, 2010 to empower him to act in all capacities and in place and stead for Jayson Williams.

3.

That a all times relevant hereto, the Plaintiff, Micheal Walters, was a licensed real estate broker contracted by Charles E. Houston, Jr. to repair, market and sell the home of Jayson Williams at 4 York Circle in Berkeley Hall.

4.

The Defendant, Berkeley Hall, LLC, is a limited liability corporation existing under and by virtue of the laws of the state of South Carolina and is the owner/developer of a residential community in Beaufort County, South Carolina known as Berkeley Hall.

5.

The Defendant, Berkeley Hall Club, Inc., is a domestic corporation existing under and by virtue of the laws of the State of South Carolina that was created by

office of the Prosecutor for the Town of Bluffton, SC, and as general counsel to the Bluffton Town Council of the township of Bluffton, South Carolina.

the Defendant, Berkeley Hall, LLC for the purpose of establishing among other things, certain private land use controls, conditions, protection, restrictions, easements and assessments, charges and covenants.

6.

As part of its operation, Berkeley Hall Club, Inc. maintains a uniformed security police force that among other things, controls and determines the entry of persons within the common areas of Berkeley Hall Club, Inc.  The Berkeley Hall security force is granted and bestowed by law, pursuant to §40-18-106 Code of Laws of South Carolina, the same authority and arrest powers given to sheriff deputies in Beaufort County.

7.

The Defendant, Adrian Morris, is an employee of the Berkeley Hall Club, Inc., and employed as its general manager.  As the general manager for the Berkeley Hall Club, he is in charge of handling relations between Berkeley Hall Club and the property owners within Berkeley Hall Club and among other things, oversees most or all of the Berkeley Hall Club marketing and sales functions as well as the day-to-day operations decision making of the Berkeley Hall Club.

8.

The Defendant, Michael Cerrati is an attorney who at all times relevant hereto, served as the legal counsel for the Berkeley Hall Club as well as the office of the Prosecutor for the Town of Bluffton, SC, and as general counsel to the Bluffton Town Council of the township of Bluffton, South Carolina.

9.

Plaintiffs are informed and believe and therefore allege that at all times herein mentioned each of the Defendants named herein in relation to the property the Plaintiffs claim an interest in, was the agent and employee of each of the Defendants and at all times was acting within the purpose and scope of such agency and employment.

## FOR A FIRST CAUSE OF ACTION
### (Disseizen, Unlawful Ejectment, Forcible Entry and Detainer)
### Allegations Common to All Counts

10.

For a first cause of action, Plaintiffs realleges Paragraphs 1 through 9 of the Complaint as if fully set forth herein.

11.

That Jayson Williams left the state in February, 2010 leaving the Plaintiff Charles E. Houston, Jr. in charge and in possession of all his real and personal property within the State of South Carolina.  In addition, Charles E. Houston, Jr. was retained by Jayson Williams as his legal counsel to represent him in all legal actions that may be brought against him.  Likewise, Mr. Houston was granted by Jayson Williams a Durable Power of Attorney to act in Jayson Williams place and stead and in his complete capacity as Jayson Williams himself could do in his own person if a legal claim was required to be defended or brought to protect his interest.

12.

Jayson Williams placed the Plaintiff, Charles E. Houston, Jr., as his power of attorney, in charge of all his properties in South Carolina including 4 York Place, Berkeley Hall, where Charles E. Houston, Jr. became registered with the Berkeley Hall Club as Mr. Williams' permanent guest.  Charles E. Houston, Jr. was delegated the task of making the necessary repairs to the Williams' property at Berkeley Hall Club, to preserve it from vandalism and theft and to market and sell the property under the Power of Attorney.

13.

To better meet the foregoing objectives, Charles E. Houston, Jr. contracted with Micheal Walters, a licensed real estate broker with construction and real estate marketing skills and expertise during the first week of January, 2011 for Micheal Walters to move into and establish his residency at the home of Jayson Williams at 4 York Circle in Berkeley Hall on a full time basis until the property was sold.

14.

That during the month of January, 2011, Micheal Walters did establish his residency as a lessee at 4 York Circle, Berkeley Hall, for the purpose of providing around the clock continuous security for the home while he was making electric and other repairs to the house and also being available to show the property to interested buyers, buy appoint only.

15.

That there were occasions that Micheal Walters would need to leave the home at 4 York Circle and Charles E. Houston, Jr. would stay at the home while

he was away.  Mr. Houston would leave some of his clothing and client files to work on at the home during the times that Micheal Walters would be absent from the home.

16.

That on various and sundry occasions at Jayson Williams' home at 4 York Circle, Charles E. Houston, Jr. and Micheal Walters would converse with the Berkeley Hall Club General Manager, Adrian Morris, concerning marketing, repairs and security issues involving the home of Jayson Williams at 4 York Circle.

17.

That Charles E. Houston, Jr. stated to Adrian Morris that Mr. Houston's prime marketing plan for selling the property, was to market the property to and among Jayson Williams' friends who had played professional basketball with him in the National Basketball Association, such as Charles Barkley, Michael Jordan, Charles Oakley and other NBA stars and players who were primarily black professional athletes and entertainers who were known to be friends of Jayson Williams and his family members were   financially capable of making the purchase of the home.

18.

That after Houston's communication to Adrian Morris and Micheal Cerrati, Esq., Adrian  Morris and Michael Cerrati, with discriminatory intent, conspired together with the other Defendants' to alienate, inhibit, injure and prevent Mr.

Houston from proceeding with his marketing plans to sell the home to another potential black buyer.

19.

That in carrying out their conspiracy, the Defendants, Michael Cerrati and Adrian Morris, sent orders to the Berkeley Hall security forces to deny both Charles E. Houston, Jr. and Michael Walters entry into Berkeley Hall and 4 York Circle.

20.

That on or about the last week of May, 2011, Charles E. Houston, Jr. received a telephone call from Jayson Williams' mother, Barbara Williams, who suffers from Parkinson Disease, that she had recently fallen out of her bed and as a result had been sleeping in her wheel chair.  She asked Houston if he would arrange to have the hospital bed that was used by Jayson's late father and still stored in Jayson Williams' home at Berkeley Hall shipped to her.

21.

That on or about the afternoon of June 1, 2011, Charles E. Houston went and picked up Micheal Walters from Jayson Williams' home and they went to dinner to discuss plans to ship the bed to Jayson Williams' mother.

22.

That upon returning from dinner to re-enter Berkeley Hall, Micheal Walters and Charles E. Houston were forcibly stopped and told that they were forbidden to enter into Berkeley Hall from on orders from Adrian Morris and Michael Cerrati.

23.

The Plaintiff, Jayson Williams, is the owner in fee simple of the premises 4 York Circle within Berkeley Hall Club.  Plaintiff was seized of such property in fee simple preceding the commencement of this action and has a right of entry into and upon the the aforementioned property.

24.

The Plaintiff, Charles E. Houston, Jr., the attorney for and under the Power of Attorney granted to him by Jayson Williams and as the registered guest of Jayson Williams has the right of entry into the aforementioned property.

25.

That Plaintiff, Micheal Walters, was a resident lessee and registered guest of Jayson Williams and of 4 York Circle within Berkeley Hall and has a right of entry into the aforementioned property.

26.

The Plaintiff, Jayson Williams, is the true and sole owner of this property described as 4 York Circle and the Plaintiffs have a present right to peaceful possession of this property with quiet and exclusive enjoyment.

27.

The Defendants have wrongfully evicted and disseized Plaintiffs and ousted them from using and enjoying this premises and the Plaintiffs' interest therein.

28.

Since said disseizing, Defendants and their agents and servants continued to  control, have wrongfully ousted the Plaintiffs and taken control of

Plaintiffs premises, and has wrongfully caused or permitted acts of waste, plunder pillaging, depredation theft of vehicles, motorcycles, personal items and disparagement to be committed with respect to this premises and the improvements thereon and have caused the Plaintiffs not to complete the repairs and sell the premises all to the damage of the Plaintiffs.

29.

On information and belief, Plaintiffs allege that Defendants have conspired to acted willfully, maliciously, oppressively and in conscious disregard for the rights of Plaintiffs and as such, Plaintiffs are entitled to punitive damages.

**INJUNCTIVE RELIEF**

30.

Plaintiffs have the right to ingress and egress to the premises and Defendants are denying them that right.

31.

The Defendants have wrongfully denied the Plaintiffs the ability to complete the repairs to 4 York Circle and sell the property and hare wrongfully caused or permitted acts of waste and intrusion to be committed with respect to the premises and the improvements thereon, all to the great damage of the Plaintiffs. Plaintiffs have no adequate remedies at law unless Defendants are restrained from interfering with Plaintiffs having possession of the property with rights of ingress and egress, and accordingly great irreparable injuries will result to the Plaintiffs.

32.

Plaintiffs are informed and believe that the Defendants should be enjoined and restrained from interfering with Plaintiffs' peaceful possession, with right of ingress and egress to their property, and Plaintiffs enjoind from refusing to permit Plaintiffs to use the property and Defendants enjoined from any act denying Plaintiffs their right of quiet enjoyment, access and use of their property both during the pendency of this action and permanently.

WHEREFORE, Plaintiffs demand judgment from Defendants as follows:

I.    That the possession and entry to the premises be recovered by Plaintiffs

and that such possession be delivered to Plaintiffs by Defendants;

II.    That an accounting be had to determine the amount that the sale of the

home would have brought and profits for which the Defendants are liable

to Plaintiffs under the law and that judgment be entered for Plaintiffs for

said amount.

III.    For damages for waste of the premises and improvement thereon and

damage to and loss of personal property contents within the premises.

IV.    For damages for the economical loss caused by the loss of use of personal

possessions of vehicles, clothing, tools, clients' files and other items

of economic benefit for which access was denied to.

V.    For the rental value of the property less allowable expenses.

VI.    For interest and for costs.

VII.    For punitive damages as the Court may find appropriate.

VIII.    For such other and further relief as the Court deems proper.

IX.    That the Defendants be enjoined and restrained from interfering with Plaintiffs' quiet enjoyment of the property, and enjoining Defendants from any act denying Plaintiffs the right of ingress and egress to the property during the pendency of this action and permanently.

## FOR A SECOND CAUSE OF ACTION
### (Breach of Covenants)

33

.    For a second cause of action Plaintiffs reallege Paragraphs 1 through 32 of the Complaint as if fully set forth herein.

34.

That Plaintiff Jayson Williams contracted to buy the property herein described as 4 York Circle from Berkeley Hall, LLC.

35.

The Plaintiff Jayson Williams bought the then unimproved property herein described as Lot 25 with the address of 4 York Circle by warranty deed on July 19, 2005 from the Defendant, Berkeley Hall, LLC for the purchase price of $695,000.00. An additional amount was expended for the construction of this three story 14,000 square foot home.

36.

The deed is recorded in the Office of the Register of Deeds for Beaufort County, SC in Deed book O2196, pages 1516-1518. The deed was subject to, among other matters, to all easements, the Declaration of Covenants for Berkeley Hall and provisions for the Berkeley Hall Club, Inc.

37.

The deed from Berkeley Hall, LLC provided for among other covenants; the covenant of quiet enjoyment.

38.

The Berkeley Hall, LLC on or about September 25, 2000 filed and recorded in the office of the Register of Deeds for Beaufort County, SC various covenants entitled "Berkeley Hall, LLC Declarations of Covenants and Provisions for Membership in the Berkeley Hall Club, LLC," setting forth various rights, conditions, and restrictions concerning and relating to existing and contemplated developments throughout Berkeley Hall.

39.

That Article III, Section 3.17 of the Berkeley Hall, LLC Declarations of Covenants recognizes the right of each unit owner within the property to have the right to ingress and egress from their unit.

40.

That Article IX, Section 9.1 of the Berkeley Hall, LLC Declarations of Covenants among other things, provides that "every member shall have a right and easement of enjoyment in and to the Common Property and such easement shall be appurtenant to and shall pass with title to every lot within the Property."

41.

That the Defendants by their acts above described have breached the covenant of quiet enjoyment.

42.

That the Defendants by their acts above described have breached its covenant of providing ingress and egress to the property.

WHEREFORE, Plaintiffs demand judgment from the Defendants as follows:

I.      That the possession and entry to the premises be recovered by Plaintiffs

and that such possession be delivered to him by Defendants;

II.     That an accounting be had to determine the amount that the sale of the

home would have brought and profits for which the Defendants are
liable

to Plaintiffs under the law and that judgment be entered for the
Plaintiffs

for said amount.

III.    For damages for waste of the premises and improvement thereon
and

damage to and loss of personal property contents within the
premises.

IV.    For damages for the economical loss caused by the loss of use of
personal

possessions of vehicles, clothing, tools, client's files and other
items of

economic benefit for which access was denied to.

V.    For the rental value of the property less allowable expenses.

VI.    For interest and for costs.

VII.    For such other and further relief as the Court deems proper.

## FOR A THIRD CAUSE OF ACTION
### (Breach of Covenant of Good Faith and Fair Dealing)

43.

For a third cause of action, Plaintiffs reallege Paragraphs 1 through 42 of
the Complaint as if fully set forth herein.

44.

That the Plaintiffs are informed and believe that South Carolina law implies a covenant of good faith and fair dealing in all contracts between parties entered into in the State of South Carolina.

45.

Plaintiffs allege that at all times there existed an implied covenant of good faith and fair dealing requiring Defendants, and each of them, to safeguard, protect or otherwise care for the assets and rights of the Plaintiffs.

46

As a result of the actions of Defendants, and each of them, set forth hereinabove, said Defendants have each violated the implied covenant of good faith and fair dealing contained in the covenants as against said Plaintiffs herein, and as a direct and a legal consequence of the above actions and as a proximate result thereof, Plaintiff are entitled to damages in a sum to be proven at trial.

47.

Plaintiffs allege that the actions of the Defendants hereinabove descried upon the lawful property rights of the Plaintiffs without due process of laws constitutes a breach of the covenants.

48.

As a direct and proximate result, Plaintiffs have been damaged in a sum to be proven at trial.

49.

On information and belief, Plaintiffs allege that the Defendants have acted

willfully, maliciously, oppressively and fraudulently and in conscious disregard for the rights of Plaintiffs and as such, Plaintiffs are entitled to punitive damages.

WHEREFORE, Plaintiffs pray for judgment against the Defendants and each of them as follows:

I.    Plaintiffs pray for compensatory damages in a sum to be proven at trial;

II.   Plaintiffs pray for punitive damages in a sum to be proven at trial; and

III.  For such other and further relief as the Court deems proper.

## FOR A FOURTH CAUSE OF ACTION
### (Intentional Infliction of Mental Distress/Outrage)

50.

For a fourth cause of action, Plaintiffs realleges Paragraphs 1 through 49 of the Complaint as if fully set forth herein.

51

.     As a further proximate result of the Defendants' acts as hereinabove described, the Defendants intentionally and recklessly inflicted severe emotional distress, or were certain or substantially certain that such distress would result from their conduct and the consequences proximately caused by it, as herein above alleged.

52.

The Defendants' conduct was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community.

53.

The actions of the Defendants caused the Plaintiffs' emotional distress.

54.

The emotional distress suffered by the Plaintiffs was so severe that no reasonable person could be expected to endure it.

55.

Plaintiffs suffered severe emotional distress and mental suffering and are entitled to compensatory damages.

56.

Upon information and belief, Plaintiffs allege that the Defendants have acted willfully, maliciously, oppressively and fraudulently and in conscious disregard for the rights of Plaintiffs and as such, Plaintiffs are entitled to punitive damages.

WHEREFORE, Plaintiffs pray for judgment against the Defendants and each of them as follows:

I.      Plaintiffs pray for compensatory damages in a sum to be proven at trial;

II.     Plaintiffs pray for punitive damages in a sum to be proven at trial; and

III.     For such other and further relief as the Court deems proper.

## FOR A FIFTH CAUSE OF ACTION
### (Tortuous Interference with Contract)

57.

For a fifth cause of action, Plaintiffs realleges Paragraphs 1 through 56 of the Complaint as if fully set forth herein.

58.

That on January 15, 2011, Plaintiff Charles E. Houston, Jr. entered into a contract and real estate brokerage agreement with Plaintiff Michael Walters pertaining to the making of repairs, providing around the clock security for the property and to market the property to procure a buyer for the home of Jayson Williams located at 4 York Circle in Berkeley Hall.

59.

That during the month of January, 2011, Plaintiff Houston submitted a letter and personally informed Adrian Morris, the general manager of the Berkeley Hall Club, of the contract and that Plaintiff Walters would be establishing his full time residency at the home of Jayson Williams.

60.

That Plaintiff Walters did establish his residency at 4 York Circle in Berkeley Hall and did undertake to fulfill the goals and objectives of the contract.

61.

The contract was tortuously interfered with by the Defendants in that they intentionally and wrongfully disallowed the Plaintiff, Micheal Walters to re-enter upon the property where the contract was being performed.

62.

The ejectment and tortuous interference of the Plaintiff, Micheal Walters by the Defendants was wrongful, vexatious, intentional and a direct and proximate cause of the Plaintiff, Walters incapable of fulfilling the terms of the contract with Plaintiff, Charles E. Houston, Jr.

63.

That but for the tortuous interference by the Defendants as herein above alleged, the contractual relationship with Plaintiff Walters would have continued.

64.

That the Plaintiffs are informed and believe that it is reasonably certain a profit would have been realized from the sale of the home but for the tortuous interference by the Defendants.

65.

That as a natural and proximate result of the interference of the Defendants, the Plaintiffs have suffered damages.

66.

The Plaintiffs are informed and believe that the aggravated, unjustified interference of the Plaintiffs' contractual rights by the Defendants' reckless disregard of the rights of the contracting parties justifies the award of punitive damages.

WHEREFORE, Plaintiffs pray for judgment against the Defendants and each of them as follows:

I.     Plaintiffs pray for compensatory damages in a sum to be proven at trial;

II.    Plaintiffs pray for punitive damages in a sum to be proven at trial; and

III.    For such other and further relief as the Court deems proper.

### FOR A SIXTH CAUSE OF ACTION
**(Violation of the Fair Housing Act)**

### NATURE OF ACTION

This case involves discrimination in housing based on race. The Plaintiff, Jayson Williams, is a black homeowner who was denied the opportunity to sell his home at 4 York Circle in Berkeley Hall. The Plaintiff, Charles E. Houston, Jr., is an attorney retained by Jayson Williams to oversee his properties and conduct his business and legal matters accompanied with a Power of Attorney to act in his place and steed. The Defendants are charged with violating the provisions of Title VIII, as amended, *42 U.S.C. §3601 et seq., and 42 U.S.C. §§1981 and 1982* and the 13th and 14th Amendment to the United States Constitution.

67.

For a sixth cause of action Plaintiffs reallege and incorporate Paragraphs 1 through 66 of the Complaint stated above, inclusive as if fully set forth herein.

68.

The actions taken by the Defendants as herein above described, particularly the denying Plaintiffs access to their property was done to inhibit and deprive the Plaintiffs of their right to sell the property to members of the black race.

69.

The Defendants in carrying out the acts and conduct complained of herein and depriving Plaintiffs the right to sell the property because of the desire to sell it to members of the black race, the Defendants have intentionally and maliciously discriminated against the Plaintiffs.

70.

The acts and conduct of the Defendants have caused the Plaintiffs severe emotional strain, psychological damage, infringed upon their personal dignity and otherwise caused the Plaintiffs to suffer grave and irreparable injury.

71.

The Defendants' actions complained of herein constitute racial discrimination in housing and violate the provisions of the Fair Housing Law, *42 U.S.C. §3601 et seq., and 42 U.S.C. §§1981 and 1982* and the 13th Amendment to the United States Constitution.

72.

The Defendants' actions complained of herein deprive Plaintiffs of rights protected to them pursuant to the provisions of Title VIII, as amended *42 U.S.C.§3601 et seq., and 42 U.S.C. §§1981 and 1982* and the 13th Amendment to the United States Constitution.

WHEREFORE, Plaintiffs respectfully demand:

I.  That this Court declare that the Defendants' actions constitute discrimination in housing based on race.

II.  That the Defendants be enjoined both *Pendant Lite* and permanently from denying the Plaintiffs and other persons the right to sell homes and lots owned and operated by said Defendants on a non-discriminatory basis and direct the Defendants and each of them to cease and desist from any and all policies and practices constituting discrimination in housing.

III.  That the Plaintiffs, be awarded actual damages in an amount found appropriate by the Court.

IV.  That the Plaintiffs, be awarded punitive or exemplary damages in an amount found appropriate by the Court.

V.  That the Defendants be directed to enter into an affirmative action program and take further steps to correct for and overcome their discriminatory practices.

VI.     That the Plaintiffs receive of the Defendants reasonable attorney fees, together with all court costs.

VII.    That this Court grant such additional relief as the interests of    justice may require.


## FOR A SEVENTH CAUSE OF ACTION
### (Violations of Section 1983 of Title 42 of the Civil Rights Act of 1871)
### NATURE OF ACTION

Section 1983 provides "that every person who, under color of any statute ordinance, regulation custom or usage of any State or Territory or District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in any action at law, suit in equity or other proper proceeding for redress."

The Fourteenth Amendment, secured rights of  United States citizens  to due process and equal protection of the laws that prohibits state and local governments from depriving persons of life, liberty, or property without certain steps being taken to ensure fairness. The Equal Protection Clause requires each state to provide equal protection under the law to all people within its jurisdiction.Title 18 USC § 241(conspiracy against civil rights; Title 18 USC § 242, deprivation of Rights under color of law.

73.

For a seventh cause of action Plaintiff realleges Paragraphs 1 through 72 of the Complaint as if fully set forth herein.

74.

The Defendants in carrying out the acts and conduct complained of herein have intentionally and maliciously discriminated against the Plaintiffs.

75.

The acts and conduct of the Defendants have caused the Plaintiffs severe emotional strain, psychological damage, infringed upon their personal dignity and otherwise caused the Plaintiffs to suffer grave and irreparable injury.

76.

The Defendants' conduct, complained of herein, occurred under color of state law and subjected the Plaintiffs to the deprivation of their civil rights and violates 28 U.S.C.A. § 1343(3) (1948) and 28 U.S.C.A. § 1331 (1948).

77.

The Defendants' actions complained of herein deprive Plaintiffs of rights protected to them pursuant to the provisions of title VIII, as amended, *42 U.S.C. § 3601, et seq., 42 U.S.C. §§ 1981* and *1982,*

the *Fifth*, *Thirteenth and Fourteenth Amendments to the United States Constitution*.

WHEREFORE, Plaintiffs respectfully demand:

I.    That this Court declare that the Defendants' actions constitute the deprivation of Plaintiffs rights protected to them pursuant to the provisions of title VIII, as amended, *42 U.S.C. § 3601, et seq., 42 U.S.C. §§ 1981* and *1982,* the *Fifth*, *Thirteenth and Fourteenth Amendments to the United States Constitution*.

II.    That the Defendants be permanently enjoined from denying the Plaintiffs and other persons the rights granted to all citizens  by Article IV of the Amendments to the  Constitution of the United States "to be secure in their persons, houses, papers and affects…..shall not be violated"

III.    That the Defendants be permanently enjoined from denying the Plaintiffs and other persons the rights granted to all citizens by Article 5 of the Amendments to the  Constitution of the United States; not to be deprived of life, liberty or property without due process of law".

.

IV.   That the Defendants be enjoined both *Pendant Lite* and permanently from denying the Plaintiffs and other black persons the right to sell homes and lots owned and operated by said Defendants on a non-discriminatory basis and direct the Defendants and each of them to cease and desist from any and all policies and practices constituting discrimination in housing provided by the provisions of the Fair Housing Law, *42 U.S.C. §3601 et seq., and 42 U.S.C. §§1981 and 1982* and the 13th Amendment to the United States Constitution

V.    That the Plaintiffs be awarded actual damages in an amount found appropriate by the Court.

VI.   That the Plaintiffs be awarded punitive or exemplary damages in an amount found appropriate by the Court.

VII.  Defendants be directed to enter into an affirmative action program and take further steps to correct for and overcome their discriminatory practices.

VIII. That the Plaintiffs receive of the Defendants reasonable attorney fees, together with all court costs.

VIII. That this Court grant such additional relief as the interests of justice may require.

IX.

## FOR A EIGHTH CAUSE OF ACTION

## SOUTH CAROLINA UNFAIR TRADE PRACTICES ACT

### 80.

For an Eighth cause of Action the Plaintiff realleges Paragraphs 1 through 77 of the Complaint as if they were fully set forth herein.

### 81.

The Defendants, among other business activities, are engaged in the business of buying and selling real estate to the public.

### 82.

This is an action for damages resulting from a violation of the South Carolina Trade Practices Act codified as § 39-5-20, 39-5 50, 39-5-70 and 39-5-140 Code of Laws of South Carolina.

### 83.

That the fraudulent and deceptive practices of the Defendants are set forth in paragraphs 1 through 77 of the Complaint herein.

### 84.

The Defendants' conduct was deceptive and had the capacity, effect, or tendency to deceive, was unfair and did in fact deceive the Plaintiffs in that the fraudulent and wrongful activities unlawfully prohibited Plaintiffs by force and without legal authority access and possession  to their personal and real property as set forth in all the proceeding causes of actions.

85.

That the Defendants' conduct adversely impacted the public interest and is subject to a repetitive practice as the Defendants both individually and in conspiracy together have engaged in a pattern of fraud and deceit for the purpose of preying upon citizens of South Carolina as set forth in all the proceeding causes of actions.

86.

The Defendants knew or should have known that their conduct violated or would be a violation of the ACT and, as such, was a willful violation of the Act.

87.

The Defendants' conduct constitutes a willful violation of South Carolina's Unfair  and Deceptive Trade Practices Act, §§ 39-5-20 et seq., entitling the plaintiff to actual damages, attorneys' fees, costs, and expenses incurred in prosecuting this action and treble damages pursuant to section 39-5-140(a) of the South Carolina Code Ann.

Wherefore, the Plaintiff prays and requests actual damages in the amount to be determined by the Court against the Defendants treble the amount of actual damages pursuant to Section 39-5-140(a) of the South Carolina Code Ann., reasonable attorneys' fees and all

costs of these proceedings, together with such other general and equitable relief as the Court deems just and proper.

THE HOUSTON LAW FIRM, LLC
31 Marshland Road
Hilton Head Island, South Carolina, 29938
Telephone: (843) 684-0211
charles@houstonlawfirm.net

WALTER BILBRO, Jr., P.C
1300 Savannah Hwy, Unit 5
Charleston, S.C. 2940
(843) 766-2277;(843)766-4226 (f)
wbilbro@bellsouth.com

By: S/ Charles E. Houston, Jr.
Charles E. Houston, Jr.
Fed Bar # 1961

By:   S/ Walter Bilbro, Jr.
      Walter Bilbro, Jr.
      Fed Bar # 1328

Attorneys for Plaintiff

May 18, 2013
Hilton Head Island, SC